1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    GARY L. BUNN,

11              Petitioner,              No. 2:13-cv-00933 DAD P

12        vs.

13    M. VIRGA,                          ORDER AND

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15    _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction for robbery

18    with a gun enhancement entered against him in 2011 in the Sacramento County Superior Court.

19    Petitioner has also filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

20    The submitted declaration makes the showing required by § 1915(a).  Accordingly, petitioner's

21    request to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

22              The exhaustion of state court remedies is a prerequisite to the granting of a

23    petition for writ of habeas corpus.  See 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it

24    /////

25    /////

26    /////

1

1    must be waived explicitly by the respondent's counsel.  See 28 U.S.C. § 2254(b)(3).[1]  A waiver

2    of exhaustion, thus, may not be implied or inferred.

3              A petitioner satisfies the exhaustion requirement by fairly presenting to the

4    highest state court all federal claims before presenting them to the federal court.  See Duncan v.

5    Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith,

6    73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986)

7              After reviewing the pending petition for habeas relief, the court finds that

8    petitioner has failed to exhaust state court remedies.  Petitioner alleges in his form petition that

9    he did not appeal from his judgment of conviction in state court nor did he present his current

10   claims to the highest state court having jurisdiction in any other way.  (See Doc. No. 1 at 2-3.)

11   Thus, it appears clear from the face of the pending petition that petitioner's claims for relief have

12   never been presented to the California Supreme Court for their consideration.  Further, there is no

13   allegation that state court remedies are no longer available to petitioner.  Accordingly, the habeas

14   petition before this court should be dismissed without prejudice.[2]

15             Good cause appearing, IT IS HEREBY ORDERED that:

16             1.  Petitioner is granted leave to proceed in forma pauperis;

17             2.  The Clerk of the Court is directed to randomly assign this case to a District

18   Judge; and

19             3.  The Clerk of the Court is directed to serve a copy of these findings and

20   recommendations together with a copy of the petition filed in the instant case on the Attorney

21

22        [1]  A petition may be denied on the merits without exhaustion of state court remedies.  See
     28 U.S.C. § 2254(b)(2).

23

24        [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
     limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one
     year period will start to run on the date on which the state court judgment became final by the
25   conclusion of direct review or the expiration of time for seeking direct review, although the
     statute of limitations is tolled while a properly filed application for state post-conviction or other
26   collateral review is pending.  See 28 U.S.C. § 2244(d).

General of the State of California; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner shall address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: May 17, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bunn933.103

3